I understand from the courtroom deputy that the parties are present for 20-2733, Richard C. Morrison v. Yolanda Jones, et al. Is that correct? And if so, please feel free to come forward with the appellant to our right and the appellee to our left. The courtroom deputy can assist. So do we have Mr. Morrison? Mr. Morrison, you will start, and you can stand at the lectern since you go first. We have allocated to each side five minutes of argument. You've reserved two minutes for rebuttal, and what that would mean is you could use three minutes now to talk to us, and you'll see the little red light will go off in front of you when your three minutes are up. Your opposing counsel would then go next, use all five minutes, and then while you're waiting, you would be sitting there, and then you can come back up, and because you've asked to set aside two minutes, you can come back for two minutes, okay? So you should feel free to start. Please, I would just ask you to please lean into the microphone because it's a little hard to hear folks. Okay, sir. Good morning, gentlemen. I'm appealing this matter. It was something that was totally blown out of proportion. I was off-duty bus operator on a bus. I stated to the operator that I need to get off, and she made false allegations that I assaulted her. The matter went through the court for 13 months. She never showed to court. The several judges asked, referred to the DA, back to the TA, to handle the matter at a departmental level. At the time, the MTA denied the case that I was off-duty as a bus operator, and I should be treated as a regular passenger. It was never a departmental issue. However, the case went on. It was dismissed for 13 months. They took some time. I requested for the MTA to produce originality. They never did. They keep on the actual affidavit to have witnesses who are connected to the TA to chain a custody before. We are looking at the statement. I'm not an attorney. Mr. Morrison, I have a question. The arbitrator said that you were to be reinstated. Were you reinstated? I was reinstated? Yeah. No, I just wanted to know if that happened. Thank you. You can continue. Okay, sir. After 21 months, I was reinstated. During that time, during the time I was out on the escapement, the parties for Ms. Yolanda Jones, our cousin, made some allegations against me. TA never said anything to me when I returned to work in February. The allegation was made in January. I was working for six months, then they brought the NYPD, investigated the matter at the time. They dismissed it. It was nothing. My attorney, Mr. Kerry Kassouris, a law firm, Jerome Dizori and Kassouris, he reached out to the NYPD. The NYPD said it was not a case. It was just words in person. TA waited until six months after they brought up this next case, and then they are trying to tie the next case against me with the videotape, which I got a forensic analyst of the video, and he showed that the video was tampered with. TA submitted a tampered video to the criminal court, falsifying government records, falsifying make false statements, and destroying the evidence, and that's what they are trying to hold against me. They failed to cooperate in a timely manner, and they run the 12 months out so that they could use the civil service law of dismissing me from work. The matter would not have gone past the precinct if TA had complied with the law that was set forth in the Patriot Act to the Department of Homeland Security of the bus video. They are to comply with law enforcement. The police waited six hours for TA to submit the tape. Normally, as a bus operator, in my experience, within an hour, they give it to the precinct. Mr. Morrison, I will just note your red light is on, which means you've used up the initial three minutes. If you'd like, you can use your additional two minutes now, or if you'd like, you can also wait and use them in rebuttal instead. So which would you like to do? Would you like to save them or use them now? I'll save them. Very good. So why don't we hear from opposing counsel, and then, Mr. Morrison, you'll have some time to come back. Mr. Dreinen? Good morning, Your Honors. May it please the Court, my name is Robert K. Dreinen. I appear today on behalf of the Appalachian Police. Assuming the allegations in the complaint to be true, and listening to Mr. Morrison, I believe this is his complaint, that an incident happened on May 12, 2018, in which, while Mr. Morrison was off duty, he had an encounter with a female bus operator who was driving a bus in service. And as a result of that incident, he was arrested and charged with assault. In his complaint, in his amended complaint in the lower court, Mr. Morrison claimed that he was charged with discipline in May of 2018, based on his race and his gender. Given the opportunity to file an amended complaint, there wasn't the faintest fact in there that the disciplinary charge against Mr. Morrison was motivated in any way by race or gender. And as Judge Matsumoto noted in her decision, to the contrary, the alleged circumstances surrounding plaintiff's termination suggest that a non-discriminatory motive for his discharge, that is, that he was terminated because he was facing criminal charges. And we would submit that Judge Matsumoto's analysis for Rule 12 is correct, that Mr. Morrison did not state a plausible claim. With respect to the individuals, they were never served, but there's no indication in the amended complaint that they were involved in any way with the discipline, whether they were motivated by racial or gender animosity. So we would respectfully request that the lower court determination and judgment be affirmed. Thank you, counsel. Thank you. Mr. Morrison, if you would like, you have an additional two minutes to address the court. And again, they've reset the clock to the two minutes. Okay, sir. I've been a police operator for 20 years. In my experience, the altercation that went down between me would not have generated to the point where it generated. I've been on the job. My coworker, Edwin Thomas, got killed on the job. And the TA is trying to get themselves out of the situation by trying to always blame the party. They are trying to blame me for something that I did not do. The responsibility was on the MTA to provide the proof. They failed to provide the proof in criminal court. The matter was dismissed in criminal court. Then they used the opportunity after it was dismissed and sealed. They never once came to court to substantiate their allegation. Mr. Morrison, I'd like to just explain one thing to you. We cannot do many things. We cannot right many wrongs. If you were dismissed or put in difficulty for any number of reasons that were wrong, we still, this court, doesn't have power to do anything about it. We only have power to do something if the reason you were wronged was based on race or gender. So be aware that that's what we have to look to see if there was not whether you were wronged because we're not allowed to do anything about that. Yes, sir. Yes, sir. And as I'm saying, for the extent to which the TA go, I've been on the job where people have committed crime, killed people with buses, drive the double junk, which is a responsibility, and that's never escalated to this matter. Okay. That's never escalated to, and there are people who have incidents after me that's never escalated to this matter, on-duty altercation, and it has never escalated to this matter. Thank you very much, Mr. Morrison. As with all of the cases today, we don't decide it right now, but we will do what we call reserve decision, and there will be a decision of the court issued at some point in the future. So thank you both very much for coming today. We appreciate the effort that both of you made in coming here and offering us with oral argument. Thank you. We will now turn to the next case on the calendar.